UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| JOHN W FINK,<br><br>                Plaintiff,<br><br>                v.<br><br>JONATHAN L. BISHOP; KAYDON A. STANZIONE; JOSEPH M. TROUPE; STEVEN W. DAVIS; SUEZ WTS USA, INC.; JOHNSON CONTROLS SECURITY SOLUTIONS LLC; EDGELINK, INC.; PRAXIS TECHNOLOGIES CORPORATION; PRAXIS TECHNOLOGIES, INC.; J. PHILIP KIRCHNER; FLASTER/GREENBERG, P.C.,<br><br>                Defendants. | 22-CV-10978 (RA)<br><br><u>TRANSFER ORDER</u> |

RONNIE ABRAMS, United States District Judge:

      Plaintiff John W. Fink commenced this action seeking relief under Fed. R. Civ. P. 60(d)(1) and 60(d)(3). He alleges that three federal district judges in the United States District Court for the District of New Jersey—the Honorable Noel J. Hillman, the Honorable Kevin McNulty, and the Honorable Robert B. Kugler—deprived him of his due process rights by "committing numerous judiciary violations." Complaint ¶ 1. Plaintiff asserts that Judges Hillman, McNulty, and Kugler committed the violations in five prior cases that Plaintiff filed in the District of New Jersey, but because they have "personal immunity from prosecution," he does not name them as Defendants in this action.[1] *Id.* ¶ 5. The District Court for the District of

---

[1] Plaintiff acknowledges that he appealed all five cases to the United States Court of Appeals for the Third Circuit, but claims that the Third Circuit has also "deprived [him] of due process." (*Id.* ¶ 3.)

New Jersey has already considered—and denied—a Rule 60(d) action brought by Plaintiff challenging the outcome of his previous actions. Dkt. 3 at 50. Plaintiff now seeks to have this Court enter judgment against Defendants. That application is denied, and this Court transfers this action to the United States District Court for the District of New Jersey.

## DISCUSSION

Federal Rule of Civil Procedure 60(d) provides that a court may "entertain an independent action to relieve a party from a judgment," Fed.R.Civ.P. 60(d)(1), or "set aside a judgment for fraud on the court," Fed.R.Civ.P. 60(d)(3); *see LinkCo, Inc. v. Naoyuki Akikusa*, 367 F. App'x 180, 182 (2d Cir. 2010). As distinct from fraud on a litigant, fraud on the court "does or attempts" to "defile the court itself, or is a fraud perpetrated by officers of the court so that the judicial machinery cannot perform in the usual manner its impartial task of adjudging cases." *Id*. (quoting *Hadges v. Yonkers Racing Corp.*, 48 F.3d 1320, 1325 (2d Cir. 1995)). Because Rule 60(d) does not by itself create subject matter jurisdiction, a movant bringing a Rule 60(d) action must establish an independent ground for jurisdiction. *Mazzei v. The Money Store*, No. 20-CV-3702 (AT), 2020 WL 7774492, at *7 (S.D.N.Y. Dec. 30, 2020). As is relevant here, a motion for relief from a judgment "is generally brought in the district court rendering the judgment." *Covington Indus., Inc. v. Resintex A.G.*, 629 F.2d 730, 733 (2d Cir. 1980); *see Iorio v. @Wireless LLC*, No. 3:18-CV-1793 (RNC), 2022 WL 19335, at *4 (D. Conn. Jan. 3, 2022) (noting that Rule 60(d) actions may be brought in a court that did not render the judgment only "if the plaintiff has no adequate remedy in the district that rendered the judgment"). Indeed, courts have consistently declined to entertain independent actions seeking relief from judgments issued by other courts on the ground that "[c]onsiderations of comity and orderly administration of justice demand[ ] that the nonrendering court should decline jurisdiction of

2

such an action and remand the parties to the rendering court, so long as it is apparent that a remedy is available there." *See Lemke v. Jander*, No. 20-CV-362 JLS (KSC), 2021 WL 778653, at *2 (S.D. Cal. Mar. 1, 2021), *appeal dismissed sub nom. RICHARD G. LEMKE, Plaintiff-Appellant, v. GARY DALE JANDER, Defendant-Appellee.*, No. 21-55243, 2021 WL 2456858 (9th Cir. Apr. 19, 2021) (quoting *Treadway v. Acad. of Motion Picture Arts & Scis.*, 783 F.2d 1418, 1421 n.2 (9th Cir. 1986)); *see also United States v. Foy*, 803 F.3d 128, 134 (3d Cir. 2015) (affirming dismissal of Rule 60(d) proceeding challenging judgment in a different district court where Plaintiff "[did] not point to [] any independent ground for jurisdiction").

Here, Plaintiff asks this Court to set aside judgments of the District Court for the District of New Jersey and enter judgment in his favor. He argues that the original judgments in the District of New Jersey relied on "extrajudicially sourced facts," and asserts that each judge in the previous proceedings exhibited "glaring bias against" him. Dkt. 3 at 28. Having reviewed the allegations in Plaintiff's 138-page complaint, this Court disagrees and has identified no grounds for considering Plaintiff's motion to set aside the prior judgments. *Treadway*, 783 F.2d at 1421; *see also Iorio*, 2022 WL 19335, at *4. Nor, of course, is the District Court for the District of New Jersey's denial of his previous Rule 60(d) motion itself a basis for reconsideration in this Court. In any event, Plaintiff has alleged no facts indicating that this Court is a proper venue for this action. According to the Complaint, Defendants are citizens of New Jersey and Pennsylvania. Compl. ¶¶ 9-19. The fact that Plaintiff is a resident in the Eastern District of New York also does not make this Court the appropriate venue for this action. 28 U.S.C. § 1391(b).

Accordingly, the Court transfers this action to the District Court for the District of New Jersey. *See* 28 U.S.C. § 1406(a) (providing that if a case is filed in the incorrect district, the

3

court "shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought"); *see also Daniel v. Am. Bd. of Emergency Med.*, 428 F.3d 408, 435 (2d Cir. 2005) ("Courts enjoy considerable discretion in deciding whether to transfer a case in the interest of justice.").

## LITIGATION HISTORY AND WARNING

A review of the Public Access to Court Electronic Records (PACER) system shows that in 2020, Plaintiff filed two actions in this court against the same Defendants, alleging violations of his rights in the District of New Jersey. In both cases, the Court transferred the actions to the District of New Jersey. *See Fink v. Bishop*, ECF 1:20-CV-10533, 3 (S.D.N.Y. Dec. 17, 2020); *Fink v. Kirchner*, ECF 1:20-CV-5128, 3 (S.D.N.Y. July 8, 2020).

In light of Plaintiff's history of filing repetitive and duplicative actions in this court, regarding the alleged violation of his rights in the District of New Jersey, the Court warns Plaintiff that further duplicative litigation in this court, will result in an order barring Plaintiff from filing any new actions in this court without first seeking permission of the court. *See* 28 U.S.C. § 1651.

## CONCLUSION

The Clerk of Court is directed to transfer this action to the United States District Court for the District of New Jersey. A summons shall not issue from this Court. This order closes this case. Plaintiff's request to stay the transfer of his complaint to another court (ECF No. 3) and his requests for the issuance of summonses (ECF Nos. 7-17) are denied.

Plaintiff is warned that further duplicative litigation in this court will result in an order barring Plaintiff from filing any new actions in this court without first seeking permission of the court. *See* 28 U.S.C. § 1651.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *Cf. Coppedge v. United States*, 369 U.S. 438, 444-45 (1962) (holding that an appellant demonstrates good faith when he seeks review of a nonfrivolous issue).

SO ORDERED.

Dated:   January 25, 2023
        New York, New York

                                            RONNIE ABRAMS
                                       United States District Judge