# UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

**JOHN W. FINK**,

    *Plaintiff*,

    v.

No. 23-0566

**JONATHAN L. BISHOP**, *et al.*,

    *Defendants*.

**OPINION**

## APPEARANCES:

John W. Fink
6812 Yellowstone Blvd. Apt. 2V
Forest Hill, NY 11375

    *Pro se.*

Mark C. Dewland
LAW OFFICE OF MARK C. DEWLAND
540 N. Route 73
Berlin Township, NJ 08091

    *On behalf of Defendant Jonathan L. Bishop.*

John D. Kutzler
BUZBY & KUTZLER
1524 West Girard Avenue
Philadelphia, PA 19130

    *On behalf of Defendants Kaydon A. Stanzione, EdgeLink, Inc., Praxis Technologies Corporation, and Praxis Technologies, Inc.*

Elizabeth R. Leong
ROBINSON & COLE LLP
280 Trumbull Street
Hartford, CT 06103

    *On Behalf of Defendants Steven W. Davis and Veolia WTS USA Inc.*

Eugene David Kublanovsky
KUBLANOVSKY LAW LLC
26 Park Street, Ste. 2178
Montclair, NJ 07042

    *On behalf of Defendant Johnson Control Security Solutions LLC.*

Daniel Albert Malet
McELROY, DEUTCH, MULVANEY & CARPENTER
570 Broad Street, 15th Floor
Newark, NJ 07102

    *On behalf of Defendants J. Philip Kirchner and Flaster/Greenberg P.C.*

**O'HEARN, District Judge.**

The matter comes before the Court upon Motions to Dismiss filed by Defendants Veolia WTS USA Inc. and Steven W. Davis (together, the "Veolia Defendants"),[1] (ECF No. 57), Johnson Control Security Solutions, ("JCSS"),[2] (ECF No. 68), Johnathan L. Bishop, (ECF No. 98), and Kaydon Stanzione, Praxis Technologies, Inc., and Praxis Technologies Corporation (together the "Praxis Defendants"), (ECF No. 110); a Motion to Dismiss and for Sanctions filed by Flaster/Greenberg, P.C. and J. Philip Kirchner (together the "Flaster Greenberg Defendants"), (ECF No. 62); a Motion for Sanctions filed by the Veolia Defendants, (ECF No. 58); a Motion for Sanctions filed by Jonathan L. Bishop, (ECF No. 108); and a Motion for Reconsideration of an Order of the Southern District of New York transferring this matter to this District, (ECF No. 60), and a Motion for Recusal and Transfer, (ECF No. 87), filed by Plaintiff John W. Fink ("Plaintiff"). The Court did not hear oral argument under Local Rule 78.1. For the following reasons, Defendants' Motions to Dismiss are **GRANTED WITH PREJUDICE**, the Flaster Greenberg Defendants' and the Veolia Defendants' Motions for Sanctions are **GRANTED**, Jonathan Bishop's Motion for Sanctions is **DENIED**, and Plaintiff's Motion for Recusal and Transfer and Motion for Reconsideration are **DENIED**.

I.       **BACKGROUND**

As set forth below, Plaintiff has filed at least eight lawsuits against the Defendants in this matter in the state and federal courts in New Jersey and in the Southern District of New York.

---

[1]  Veolia USA WTS Inc. was formerly known as Suez WTS USA Inc. and GE Betz Inc. (ECF No. 57, at 1). Plaintiff previously sued Veolia under both prior names. For ease of reference, the Court refers to this entity as "Veolia" throughout this Opinion.

[2]  JCSS was formerly known as ADT Security Services, Inc. Plaintiff previously sued JCSS under that name. (Pl's Compl., ECF No. 1, ¶ 2; JCSS Mot. to Dismiss, ECF No. 68, at 1). For ease of reference, the Court refers to this entity as "JCSS" throughout this Opinion.

Plaintiff further filed a number of appeals to the Third Circuit and petitioned for *certiorari* to the United States Supreme Court. Plaintiff has been repeatedly admonished for filing repetitive claims plainly barred by the doctrines of claim preclusion and *res judicata* and warned that this continued behavior would lead to sanctions including the imposition of a pre-filing injunction—a remedy sparingly granted. Considering that Plaintiff has not heeded any prior warnings, this Court will put an end to this litigation once and for all by dismissing all claims and imposing a pre-filing injunction.

### A.     The ALSI I and II Litigation

In 2001, Plaintiff entered into a credit agreement with his employer, Advanced Logic Systems ("ALSI")—a New Jersey software development firm founded by Defendants Jonathan Bishop and Kaydon Stanzione. (Pl.'s Compl., ECF No. 1, ¶¶ 25–26). In March 2003, Plaintiff sued ALSI, Stanzione, and related entities in New Jersey Superior Court (the "ALSI I Litigation"), asserting various breaches of the credit agreement. (ECF No. 1, at ¶ 31). The parties resolved the ALSI I Litigation by entering into a settlement agreement. (ECF No. 1, at ¶ 50).

In July 2006, Plaintiff filed a second complaint in New Jersey Superior Court (the "ALSI II Litigation"), asserting further breaches by ALSI, including violations of the settlement agreement reached in the ALSI I Litigation. (ECF No. 1, at ¶ 55). The Flaster Greenberg Defendants represented Plaintiff in the ALSI II Litigation. (ECF No. 1, at ¶ 49). The matter was referred to binding arbitration, which resulted in a finding that ALSI did not breach the settlement agreement. (ECF No. 1, ¶¶ 61, 99). ALSI filed for bankruptcy in October 2008. (ECF No. 1, at ¶ 101).

### B.     EdgeLink Litigation

In October 2009, Plaintiff filed a complaint in this District against EdgeLink, Inc. (the

"EdgeLink Litigation") asserting that Kaydon Stanzione, a co-founder of ALSI, fraudulently transferred assets from ALSI through another entity to EdgeLink in order to deprive Plaintiff of ownership. (ECF No. 1, at ¶ 131–33). The Honorable Noel L. Hillman, U.S.D.J. granted summary judgment in favor of Defendants, finding that Plaintiff presented no evidence of successor liability or fraudulent transfer of assets. (ECF No. 1, at ¶¶ 184–85).[3] The Third Circuit affirmed. (ECF No. 1, at ¶ 208).[4]

### D.    Flaster Greenberg Litigation

In July 2012, Plaintiff filed a complaint in this District against the Flaster Greenberg Defendants (the "Flaster Greenberg Litigation"), asserting malpractice, breach of fiduciary duty, and fraud related to the 2007 arbitration of the ALSI II Litigation. (ECF No. 1, ¶ 299). Judge Hillman granted summary judgment in favor of the Flaster Greenberg Defendants. (ECF No. 1, ¶ 352).[5] The Third Circuit affirmed. (ECF No. 1, ¶ 381),[6] and the Supreme Court denied *certiorari*. (ECF No. 1, ¶ 390).[7]

### C.    Bishop I Litigation

In May 2013, Plaintiff filed a complaint in this District (the "Bishop I Litigation") against Jonathan Bishop, Joseph Troupe, the Veolia Defendants, JCSS, and the Praxis Defendants, alleging, among other things, fraudulent concealment of evidence in connection with the ALSI bankruptcy and EdgeLink Litigation. (ECF No. 1, at ¶¶ 217–20). Judge Hillman dismissed Plaintiff's complaint with prejudice due to claim preclusion and failure to meet the high pleading

---

[3] *Fink v. EdgeLink, Inc.,* No. 09-5078, 2012 WL 1044312 (D.N.J. Mar. 27, 2012).
[4] *Fink v. EdgeLink, Inc.,* No. 12-2229, 553 F. App'x 189 (3d Cir. 2014).
[5] *Fink v. Kirchner*, No. 12-4125, 2016 WL 1337257 (D.N.J. April 5, 2016); *Fink v. Kirchner*, No. 12-4125, 2016 WL 7374529 (D.N.J. Dec. 20, 2016).
[6] *Fink v. Kirchner*, 731 F. App'x 157 (3d Cir. 2018).
[7] *Fink v. Kirchner*, 139 S. Ct. 598 (Mem) (2018).

standards for fraud. (ECF No. 1, at ¶ 270).[8] The Third Circuit affirmed. (ECF No. 1, at ¶ 289).[9]

### E.     Fink v. United States

In April 2019, Plaintiff filed a complaint against the United States and the Flaster Greenberg Defendants, alleging that Judge Hillman and certain Judges of the Third Circuit Court of Appeals committed fraud upon the Court by ruling in favor of the Flaster Greenberg Defendants. (ECF No. 1, at ¶ 392). Pursuant to this Court's Local Rules, the case was referred to The Honorable Kevin C. McNulty, U.S.D.J. Judge McNulty dismissed Plaintiff's claims against the judicial defendants and the United States due to judicial immunity and because the claims of "fraud upon the Court" by members of this Court and Third Circuit Court of Appeals did not constitute a cognizable federal cause of action and instead amounted to an improper attempt to re-litigate an unsuccessful appeal.[10] Judge McNulty dismissed claims against the other defendants based upon claim preclusion. (ECF No. 1, ¶¶ 402, 413).[11] The Third Circuit affirmed. (ECF No. 1, ¶ 437).[12]

### F.     Bishop II Litigation

In December 2020, Plaintiff filed a complaint in the Southern District of New York, alleging various denials of due process and requesting relief under Rules 60(d)(1) and (d)(3) from all prior rulings of Judges Hillman and McNulty. (ECF No. 1, ¶ 446). The Complaint also asserted eighteen substantive claims against Defendants Jonathan Bishop, Joseph Troupe, EdgeLink, JCSS, the Veolia Defendants, the Praxis Defendants, and the Flaster Greenberg Defendants. (ECF No. 1, at ¶ 449). The Southern District of New York transferred the case to this District *sua sponte*. (ECF No. 1, at ¶ 447). The Honorable Robert B. Kugler, U.S.D.J. dismissed the Rule 60(d) causes of

---

[8] *Fink v. Bishop*, No. 13-3370, 2015 WL 3755038 (D.N.J. June 16, 2015).
[9] *Fink v. Bishop*, 641 F. App'x 134 (3d Cir. 2016).
[10] *Fink v. United States*, No. 19-9374, 2019 WL 2353662 (D.N.J. June 3, 2019).
[11] *Fink v. Kirchner*, No. 19-9374, 2020 WL 91263 (D.N.J. Jan. 8, 2020).
[12] *Fink v. United States*, No. 20-3572, 2021 WL 4490240 (3d Cir. 2021).

action because Plaintiff did not plead sufficient facts to clear the high bar imposed by that Rule and dismissed the substantive claims on *res judicata* grounds. (ECF No. 1, ¶ 458).[13] The Third Circuit affirmed. (ECF No. 1, ¶ 474).[14] And the Supreme Court denied *certiorari*.[15]

## II.   <u>PROCEDURAL HISTORY</u>

Finally, we reach the onset of this litigation. On December 29, 2022, Plaintiff filed a 115-page, 754-paragraph Complaint in the Southern District of New York, characterizing the lawsuit as a request for relief from prior rulings in his cases under Rules 60(d)(1) and (d)(3). (Pl.' Compl., ECF No. 1). In Count I, Plaintiff seeks Rule 60(d) relief from decisions in his prior cases and reiterates allegations from the Bishop II Litigation that Judges Hillman and McNulty deprived him of due process. He also adds new allegations that Judge Kugler denied him due process in the Bishop II Litigation. In Count II, Plaintiff requests relief from the Third Circuit affirmances of his prior cases, alleging similar due process violations. In the remaining eighteen Counts—III–XX—Plaintiff asserts eighteen substantive claims identical to those Judge Kugler dismissed in the Bishop II Litigation. The Southern District of New York issued an Order transferring the matter to this District *sua sponte* on January 25, 2023 (the "Transfer Order"). (ECF No. 23).

On July 18, 2023, Plaintiff filed a Motion for Reconsideration of the Transfer Order. (ECF No. 60). The Veolia Defendants filed Opposition on August 7, 2023. (ECF No. 70). Plaintiff replied on August 14, 2023. (ECF No. 73).

Plaintiff thereafter filed a Motion to Transfer this matter to the Eastern District of New York on September 8, 2023. (ECF No. 87). The Veolia Defendants filed Opposition on September 18, 2023 (ECF No. 88), which JSCSS joined on September 19, 2023. (ECF No. 89). Plaintiff

---

[13] *Fink v. Bishop*, No 21-63, 2021 WL 3616157 (D.N.J. Aug 16, 2021).
[14] *Fink v. Bishop*, No. 21-2651, 2022 WL 4533855 (3d Cir. Sept. 28, 2022).
[15] *Fink v. Bishop*, 143 S.Ct. 2460 (Mem) (2023).

replied on September 25, 2023. (ECF No. 91).

The Veolia Defendants filed a Motion to Dismiss on July 18, 2023. (ECF No. 57). The Flaster Greenberg Defendants filed a Motion to Dismiss and for Sanctions on July 21, 2023. (ECF No. 62). JCSS filed a Motion to Dismiss on August 1, 2023. (ECF No. 68). Jonathan Bishop filed a Motion to Dismiss on December 26, 2023. (ECF No. 98). And the Praxis Defendants filed a Motion to Dismiss on January 19, 2024. (ECF No. 110). Plaintiff filed Opposition to the Motion filed by the Veolia Defendants on August 22, 2023, (ECF No. 78), the Motion filed by the Flaster Greenberg Defendants on August 21, 2023, (ECF No. 77), the Motion filed by JCSS on September 4, 2023, (ECF No. 84), the Motion filed by Jonathan Bishop on January 22, 2024, (ECF No. 112), and the Motion filed by the Praxis Defendants on February 5, 2024. (ECF No. 119). The Veolia Defendants replied on August 29, 2023, (ECF No. 81), the Flaster Greenberg Defendants replied on August 24, 2023, (ECF No. 80), and JCSS replied on September 11, 2023, (ECF No. 85). The Praxis Defendants and Jonathan Bishop did not reply.

On July 18, 2023, the Veolia Defendants filed a Motion for Sanctions, requesting the issuance of a pre-filing injunction that would require Plaintiff to obtain the Court's permission before filing any future lawsuits related to this matter. (ECF No. 58). The Flaster Greenberg Defendants sought the same relief in their Motion to Dismiss and for Sanctions. (ECF No. 62). On January 8, 2024, Jonathan Bishop filed a Motion for Sanctions seeking attorney's fees under Federal Rule of Civil Procedure 11. (ECF No. 108). Plaintiff filed Opposition to the Veolia Defendants' Motion for Sanctions on August 7, 2023. (ECF No. 71). He opposed the Flaster Greenberg Defendants' request for sanctions in his Opposition to their Motion to Dismiss and for Sanctions. (ECF No. 77). And he opposed Mr. Bishop's Motion for Sanctions on January 22, 2024. (ECF No. 113). The Veolia Defendants replied on August 14, 2023. (ECF No. 72). And the Flaster

Greenberg Defendants replied on August 24, 2023. (ECF No. 80). Mr. Bishop did not reply.

### III.   LEGAL STANDARDS

#### A.  Recusal

Motions for recusal are governed by 28 U.S.C. §§ 144 and 455. Under section 144, a judge must recuse herself upon a showing of "personal bias or prejudice" against or in favor of any given party. 28 U.S.C. § 144. Recusal motions under section 144 "must include an affidavit stating material facts with particularity which, if true, would lead a reasonable person to conclude that the District Court harbored a special bias or prejudice toward the defendant." *United States v. Rashid*, 593 F. App'x 132, 134–35 (3d Cir. 2014). Under section 455(a), a judge "shall disqualify [her]self in any proceeding in which [her] impartiality might reasonably be questioned." 28 U.S.C. § 455(a). "Because [Section] 455(a) is intended to promote not only fairness to the litigants but also public confidence in the judiciary, a party seeking recusal need not demonstrate that the judge is actually biased, but rather that [s]he would appear to be 'biased to a reasonable person, with knowledge of all the facts.'" *United States v. Jacobs*, 311 F. App'x 535, 537 (3d Cir. 2008) (quoting *United States v. Wecht*, 484 F.3d 194, 213 (3d Cir.2007)).

#### B.  Transfer

Under 28 U.S.C. § 1404(a), "[f]or the convenience of the parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented." 28 U.S.C. § 1404(a). This section "provides for the transfer of a case where both the original and the requested venue are proper." *Jumara v. State Farm Ins. Co.*, 55 F.3d 873, 878 (3d Cir. 1995). And its purpose is "to protect litigants, witnesses and the public against unnecessary inconvenience and expense." *Vanda Pharms v. Teva Pharms*, 2023 WL 1883357, *2 (D.N.J. Feb. 10, 2023).

8

### C.  Reconsideration

Courts may grant motions for reconsideration on one of three grounds: "(1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court granted the motion for summary judgment; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice." *Max's Seafood Cafe ex rel. Lou-Ann, Inc. v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999). "[L]aw of the case doctrine generally forbids one district court from reconsidering issues that another district court decided in the same case." *Alexander v. Franklin Res.*, Nos. 07–848, 07–1309, 2007 WL 2021787, *2 (D.N.J. July 9, 2007) (citing *In re City of Phila. Litig.,* 158 F.3d 711, 717 (3d Cir.1998)).

### D.  Dismissal Pursuant to Rule 12(b)(6)

To state a claim, a plaintiff's complaint must only provide a "short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2). Although "short and plain," this statement must "give the defendant fair notice of what the claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quotations, alterations, and citation omitted). "[A] plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do . . . ." *Id.* (citations omitted). Rather, a complaint must contain sufficient factual allegations "to state a claim to relief that is plausible on its face." *Id.* at 570.

When considering a motion to dismiss for failure to state a claim under Rule 12(b)(6), a court must accept the complaint's well-pleaded allegations as true and view them in the light most favorable to the plaintiff. *Evancho v. Fisher*, 423 F.3d 347, 351 (3d Cir. 2005). Through this lens, the court then conducts a three-step analysis. *Malleus v. George*, 641 F.3d 560, 563 (3d Cir. 2011). "First, the court must 'tak[e] note of the elements a plaintiff must plead to state a claim.'" *Id.*

(quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 675 (2009)). Next, the court should identify and disregard those allegations that, because they are no more than "the-defendant-unlawfully-harmed-me accusation[s]," are not entitled to the assumption of truth. *Iqbal*, 556 U.S. at 678; *Malleus*, 641 F.3d at 563. Finally, the court must determine whether "the facts alleged in the complaint are sufficient to show that the plaintiff has a 'plausible claim for relief.'" *Fowler v. UPMC Shadyside*, 578 F.3d 203, 211 (3d Cir. 2009) (quoting *Iqbal*, 556 U.S. at 679). A facially plausible claim "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 210 (quoting *Iqbal*, 556 U.S. at 678).

On a Rule 12(b)(6) motion, the "defendant bears the burden of showing that no claim has been presented." *Hedges v. United States*, 404 F.3d 744, 750 (3d Cir. 2005). The court may only consider the facts alleged in the pleadings, any attached exhibits, and any matters of judicial notice. *S. Cross Overseas Agencies, Inc. v. Kwong Shipping Grp. Ltd.*, 181 F.3d 410, 426 (3d Cir. 1999). However, the court may also consider "an undisputedly authentic document that a defendant attaches as an exhibit to a motion to dismiss if the plaintiff's claims are based on the document." *Pension Benefit Guar. Corp. v. White Consol. Indus., Inc.*, 998 F.2d 1192, 1196 (3d Cir. 1993).

Affirmative defenses, such as *res judicata*, may be cognizable on a motion to dismiss where the necessary facts are "apparent on the face of the face of the complaint," and other documents required to show the application of the defense are properly before the Court, including by judicial notice. *See Rycoline Prods., Inc. v. C & W Unlimited*, 109 F.3d 883, 886 (3d Cir. 1997). Courts may take judicial notice of matters of public record, including the existence of another court's opinion, but may not rely on such records for the truth of the facts included therein. *M&M Stone Co. v. Pennsylvania*, 388 F. App'x 156, 162 (3d Cir. 2010). Thus, for *res judicata* purposes, prior judicial decisions may be noticed for their existence and legal effect on the current proceeding.

*See id.*; *Gage v. Warren Twp. Com. & Planning Bd. Members*, 463 F. App'x 68, 71 (3d Cir. 2012).

The Court construes pleadings filed by a *pro se* plaintiff liberally and holds them to a less stringent standard than those filed by attorneys. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). But "*pro se* litigants must allege sufficient facts in their complaint to support a claim." *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir. 2019).

### E.  Rule 11 Sanctions

Federal Rule of Civil Procedure 11 authorizes courts to sanction—

> the signatory to any pleading, motion or other paper which is not well grounded in fact nor warranted by existing caselaw or a good faith argument for the extension, modification, or reversal of existing law, or which is interposed for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation.

*Hightower v. Ingerman Mgmt.*, No. 17-08025, 2022 WL 19266261, at *1 (D.N.J. June 21, 2022) (citing Fed. R. Civ. P. 11; *Landon v. Hunt*, 938 F.2d 450, 452 (3d Cir. 1991)). "The standard for testing conduct under Rule 11 is reasonableness under the circumstances." *Id.* (quoting *Keister v. PPL Corp.*, 318 F.R.D. 247, 255 (M.D. Pa. 2015)). Courts must tailor Rule 11 sanctions to the particular circumstances of the case, keeping in mind that the Rule's purposes are lawyer accountability and the deterrence of frivolous lawsuits and filings. *Keister*, 318 F.R.D. at 256–57. "The basic principle governing the choice of sanctions is that the least severe sanctions adequate to serve the purpose should be imposed." *Doering v. Union Cty. Bd. of Chosen Freeholders*, 857 F.2d 191, 194 (3d Cir. 1988).

Rule 11 applies to *pro se* parties by its explicit terms, and a litigant's *pro se* status does not shield him from sanctions under the Rule. Fed. R. Civ. P. 11 (noting that Rule applies to "a party personally if the party is unrepresented"); *see also Asanov v. Davidson*, No. 06-0611, 2007 WL 1140632, at *6 (M.D. Pa. Apr. 17, 2007) ("Although a *pro se* complaint is held to less stringent standards than a complaint drafted by a lawyer, *pro se* parties are not excused from the

requirements of Rule 11.") (internal citations omitted); *Karpov v. Karpov*, 307 F.R.D. 345, 348 (D. Del. 2015) (noting that a plaintiff's "pro se status does not shield her from Rule 11 sanctions").

### F. Pre-Filing Injunction Under the All Writs Act

Under the All Writs Act, District Courts may "issue an order restricting the filing of meritless cases by a litigant whose manifold complaints raise claims identical or similar to those that already have been adjudicated."[16] *In re Oliver*, 682 F.2d 443, 445 (3d Cir. 1982); 28 U.S.C. § 1651. To that end, a pattern of "groundless and vexatious litigation" will justify an order prohibiting further filings without the court's permission. *Chipps v. U.S.D.C. for the M.D. Pa.*, 882 F.2d 72, 73 (3d Cir. 1989) (citing *Gagliardi v. McWilliams*, 834 F.2d 81 (3d Cir.1987); *In re Oliver*, 682 F.2d at 445)). "A pre-filing injunction is an exception to the general rule of free access to the courts and its use against a *pro se* plaintiff must be approached with caution." *Grossberger v. Ruane*, 535 F. App'x 84, 86 (3d Cir. 2013). Therefore, any such injunction must "be narrowly tailored and sparingly used." *In re Packer Ave. Assocs.*, 884 F.2d 745, 747 (3d Cir. 1989).

### IV.   DISCUSSION

### A. Plaintiff's Motion for Recusal and Transfer

Plaintiff moves for recusal of the undersigned and transfer of this matter to the Eastern District of New York on the grounds that prior decisions of Judges Hillman, McNulty, and Kugler disqualify all judges in this District from hearing this matter. Plaintiff cites, and there exists no basis for such relief. Thus, the Motion must be denied.

"[A] party's displeasure with legal rulings does not form an adequate basis for recusal."

---

[16] The Veolia Defendants and the Flaster Greenberg Defendants move for a pre-filing injunction pursuant to the Court's inherent authority, and Plaintiff invokes Rule 11 in his Opposition. The All Writs Act is the typical source of authority for "an injunction precluding abusive litigation" and the Court considers the Motion under the standards of that law. *Gagliardi v. McWilliams*, 834 F.2d 81, 83 (3d Cir. 1987).

*Securacomm Consulting, Inc. v. Securacom, Inc.*, 224 F.3d 273, 278 (3d Cir. 2000). And "judicial rulings alone almost never constitute a valid basis for a bias or partiality motion." *Liteky v. United States*, 510 U.S. 540, 555 (1994). Instead, parties seeking recusal must allege a source of bias from "outside of the proceeding, or of such an intensity as to make a fair trial impossible." *Jacobsen v. Citi Mortg. Inc.*, No. 17-1555, 2017 WL 3877850, at *1 (D.N.J. Sept. 5, 2017) (quoting *Lease v. Fishel*, 712 F. Supp. 2d 359, at 373 (M.D. Pa. 2010)). And similarly, "allegations of bias against numerous judges not involved in [a] case provide[] no legitimate reason for transfer." *McCullough v. Penn Bd. of Probation*, 831 F. App'x 50, 51 (3d Cir. 2020).

Plaintiff's Motion does not set forth any valid basis for recusal or transfer and instead seeks relief because of prior adverse decisions in this District. First, Plaintiff did not submit the affidavit required to request recusal under 28 U.S.C. § 144. Further, he did not otherwise allege the required extrajudicial source of "personal bias or prejudice." *See Jacobsen*, 2017 WL 3877850, at *1. Plaintiff also fails to identify any reason why the Court's "impartiality might reasonably be questioned" to justify recusal under 28 U.S.C. § 455.

He further fails to invoke any valid basis for transfer to the Eastern District of New York. And, even if his Motion is liberally construed as seeking relief under 28 U.S.C. § 1404, Plaintiff fails to show that venue would be proper in the requested district as required by that provision. Specifically, Plaintiff does not allege that the Eastern District of New York has personal jurisdiction over any—let alone all—Defendants and thus fails to satisfy the requirement that "both the original and the requested venue are proper." *Jumara*, 55 F.3d at 878.

Instead, Plaintiff plainly seeks transfer and recusal because of nothing more than prior adverse decisions against him by judges in this District. For example, Plaintiff argues that transfer is justified because "[t]his Court has repeatedly rendered decisions that were not merited by the

facts and in the process committed 50+ judiciary violations" and "this Court repeatedly employed extrajudicially sourced facts with almost all being disputable/false/meaningless." (ECF No. 87, at 25). This reasoning is mere "displeasure with legal rulings," *Securacomm*, 224 F.3d at 278, and "allegations of bias against numerous judges not involved in this case." *McCullough*, 831 F. App'x at 51. Because such allegations do not justify recusal or transfer, and Plaintiff does not otherwise allege any proper basis for such relief, his Motion must be denied.

### B. Plaintiff's Motion for Reconsideration

Plaintiff moves to reconsider the January 25, 2023, Transfer Order issued by the Southern District of New York. As a threshold matter, Plaintiff's Motion is untimely. Local Rule 7.1(i) provides that motions for reconsideration must be filed within fourteen days of the entry of the subject order, except as provided by certain of the Federal Rules of Civil Procedure. L. Civ. R. 7.1(i). Plaintiff filed the Motion for Reconsideration on July 18, 2023—174 days after the issuance of the Transfer Order, and well outside the time limits of Local Rule 7.1(i).[17] Plaintiff insists that his Motion for an Extension of Time to File a Motion for Reconsideration, (ECF No. 48), tolled this time limit, but he conveniently omits that this Court denied that Motion because the Transfer Order was then the subject of a pending appeal. (ECF No. 51). After the appeal was decided, Plaintiff did not seek, and the Court did not grant any further extension of the Local Rule 7.1 time

---

[17] In the Third Circuit, "[a] motion for reconsideration is properly treated as a motion under Rule 59(e) . . . to alter or amend the judgment." *Koshatka v. Philadelphia Newspapers*, 762 F.2d 329, 333 (3d Cir. 1985). That Rule provides that "a motion to alter or amend a judgment must be filed no later than 28 days after the entry of the judgment." Fed. R. Civ. P. 59(e). Plaintiff filed his Motion for Reconsideration 174 days after the entry of the subject Order, and his Motion is thus untimely no matter the controlling standard.

limits, and his Motion is therefore untimely.[18]

Even if Plaintiff's Motion was not time-barred, he "cites no authority that would allow this Court to reexamine [the] decision made by the transferor court." *Dae Sub Choi v. Sushi Maru Express*, 2018 WL 1087505, *2 (D.N.J. Feb. 27, 2018). Plaintiff therefore provides this Court with no reason to depart from the law of the case doctrine "that forbids one district court from reconsidering issues that another district court decided in the same case." *Alexander*, 2007 WL 2021787, at *2.

Furthermore, Plaintiff's Motion substantively fails because he alleges no change in law, new evidence, or error that would justify reconsideration. *Max's Seafood*, 176 F.3d at 677. Plaintiff instead discusses peripheral issues, such as the merits of his Rule 60(d) requests, which have no bearing or relevance on the merits of the transfer that is the subject of his Motion. (Pl.'s Mot. to Reconsider, ECF No. 6, at 5). Plaintiff's Motion for Reconsideration is thus untimely, barred by the law of the case, lacks any substantive basis, and must be denied.

### C.  Defendants' Motions to Dismiss

#### i.  <u>Plaintiff's Substantive Claims</u>

Plaintiff asserts the following eighteen substantive claims against the Defendants: in Counts III and IV, breach of contract against EdgeLink; in Count V, unjust enrichment against EdgeLink; in Count VI, fraudulent transfer against Kaydon Stanzione and EdgeLink; in Count VII, breach of fiduciary duties against Kaydon Stanzione; in Count VIII, conversion and fraudulent

---

[18]  Plaintiff submitted a Letter to this Court on July 17, 2023, stating that he intended to file a Motion for Reconsideration without the required extension unless the Court instructed him not to do so. (ECF No. 56). This Letter has no legal effect, and the Court has no obligation to instruct a *pro se* Plaintiff on proper procedures. *Mala*, 704 F.3d at 244 ("A trial judge is under no duty to provide personal instruction on courtroom procedure . . . for [*pro se* parties] that counsel would normally carry out.") (internal citations omitted).

concealment against Kaydon Stanzione, Jonathan Bishop, and Joseph Troupe; in Count IX breach of fiduciary duties against Kaydon Stanzione and Jonathan Bishop; in Count X, a claim to pierce the corporate veil of Praxis Technologies Corporation and Praxis Technologies, Inc.; in Count XI, fraudulent concealment of evidence against Jonathan Bishop, Joseph Troupe, Kaydon Stanzione, Veolia, Steven Davis, and JCSS; in Count XII negligent supervision against Veolia; in Count XIII, fraudulent concealment of evidence against JCSS; in Count XIV, fraudulent concealment of evidence against Veolia and Steven Davis; in Count XV, professional negligence and malpractice against Philip Kirchner and Flaster/Greenberg; in Count XVI, breach of fiduciary duty against Philip Kirchner and Flaster/Greenberg; in Count XVII, fraud against Philip Kirchner and Flaster/Greenberg; in Count XVIII, concealment of evidence against Philip Kirchner and Flaster/Greenberg; in Count XIX, tampering with evidence against Philip Kirchner and Flaster/Greenberg; and in Count XX, fraud on the Court against Philip Kirchner and Flaster/Greenberg (these claims together, the "Substantive Claims").

The Veolia Defendants, JCSS, Johnathan L. Bishop, the Praxis Defendants, and the Flaster Greenberg Defendants all move to dismiss the Substantive Claims under the doctrine of claim preclusion—also referred to as *res judicata*—because the Third Circuit has repeatedly affirmed the dismissal of identical causes of action. Plaintiff argues that *res judicata* should not apply to these claims because prior judges wrongly decided his cases and deprived him of due process, and the Court must therefore reconsider his claims on their merits. The Substantive Claims are identical to the claims in the Bishop II Litigation. The Court therefore finds that *res judicata* plainly applies and requires dismissal of these causes of action with prejudice.

"Both New Jersey and federal law apply *res judicata* or claim preclusion when three circumstances are present: (1) a final judgment on the merits in a prior suit involving (2) the same

parties or their privies and (3) a subsequent suit based on the same cause of action." *Hoffman v. Nordic Nats.*, *Inc.*, 837 F.3d 272, 279 (3d Cir. 2016). For purposes of the first factor, "[a] dismissal that is specifically rendered 'with prejudice' qualifies as an adjudication on the merits and thus carries preclusive effect." *Gimenez v. Morgan Stanley DW, Inc.*, 202 F. App'x 583, 584 (3d Cir. 2006). The third factor "generally is thought to turn on the essential similarity of the underlying events giving rise to the various legal claims." *Hoffman*, 837 F.3d at 279; *see also Blunt v. Lower Merion Sch. Dist.*, 767 F.3d 247, 277 (3d Cir. 2014) (explaining "it is not dispositive that plaintiff asserts a different theory of recovery or seeks different relief in the two actions" if the underlying events are the same).

*Res judicata* clearly bars the Substantive Claims. In the Bishop II Litigation, the District Court found, and the Third Circuit affirmed, that claim preclusion barred a complaint filed by Plaintiff that consisted of eighteen counts identical to the Substantive Claims here. *See Fink v. Bishop*, No. 21-2651, 2022 WL 4533855 (3d Cir. Sept. 28, 2022). In reaching this conclusion, the Third Circuit noted:

> Between 2009 and 2019, Fink filed four civil actions in the District Court related to, in one way or another, a series of credit agreements and a subsequent settlement between Fink and Advanced Logic Systems, Inc. *See* Dist. Ct. Case Nos. 1:09-cv-5078, 1:12-cv-4125, 1:13-cv-3370, & 2:19-cv-9374. The District Court granted summary judgment against Fink in the 2009 and 2012 cases, and it dismissed the 2013 and 2019 cases with prejudice on, *inter alia*, preclusion grounds. In each of the four cases, Fink appealed. And in each case, we affirmed the District Court's judgment and subsequently denied panel rehearing and rehearing *en banc*. *See* C.A. Nos. 12-2229 (concerning the 2009 case), 17-1170 (the 2012 case), 15-2689 (the 2013 case), & 20-3572 (the 2019 case).

*Id*. at *1. In light of these prior judgments on the merits, the Third Circuit found "no error in the District Court's decision to dismiss Fink's 2020 complaint in its entirety, and without leave to amend, pursuant to the doctrine of claim preclusion." *Id*. at *2. Plaintiff's petition for *certiorari* was denied. *Fink v. Bishop*, 143 S. Ct. 2460 (2023).

The Substantive Claims have thus been previously adjudicated on their merits, *and* a subsequent attempt to re-litigate those claims has been dismissed on *res judicata* grounds. *Id.* at *1. Therefore, the application of the doctrine of *res judicata* to what is now Plaintiff's second attempt to re-litigate those claims could not be more obvious: The Substantive Claims involve the same causes of action and the same parties as the complaint in the Bishop II Litigation and the prior cases detailed therein. The dismissal of claims in that case and subsequent affirmance of that dismissal constitute a judgment on the merits that precludes Plaintiff from raising the same claims in this matter. *See Gimenez*, 202 F. App'x at 584. Any nominal differences that may exist between the present Complaint and the complaint in the Bishop II Litigation do not defeat claim preclusion in light of the obvious "essential similarity of the underlying events giving rise to the various legal claims." *Hoffman*, 837 F.3d at 279. Plaintiff's claims in Counts III–XX are thus barred and must be dismissed with prejudice.

ii.   Plaintiff's Request for Rule 60(d) Relief

In Count I of the Complaint, Plaintiff seeks Rule 60(d) relief from prior rulings on the grounds that Judges Hillman, McNulty, and Kugler deprived him of due process by committing various "judiciary violations" in deciding those cases. In Count II, Plaintiff alleges the Third Circuit denied him due process in affirming those decisions.

The Veolia Defendants argue that the decision on the merits in the Bishop II Litigation bars Plaintiff's Rule 60(d) causes of action in Counts I and II of the Complaint under the doctrine of claim preclusion. Plaintiff again argues that his claims are not barred because judges of this District repeatedly denied him due process in reaching challenged decisions, and the prior cases were therefore not decided "on the merits."

Rule 60(d)(1) permits the court "to entertain an independent action to relieve a party from

18

a judgment, order, or proceeding." Fed. R. Civ. P. 60(d)(1). Relief under this Rule is available only

in extraordinary circumstances where it is necessary to "prevent a grave miscarriage of justice."

*See Jackson v. Danberg*, 656 F.3d 157, 166 (3d Cir. 2011) (quoting *United States v. Beggerly*, 524

U.S. 38, 47 (1998)). Other courts note this is an extremely high standard and requires showing

"something to render it *manifestly unconscionable* . . . to enforce the judgment." *Wright v. Poole*,

81 F. Supp. 3d 280, 294 (S.D.N.Y. 2014) (quoting *Opals on Ice Lingerie v. BodyLines, Inc*., 425

F. Supp. 2d 286, 290 (E.D.N.Y. 2004)).

Rule 60(d)(3) allows a court to set aside a judgment for fraud on the court through an

independent action. Fed. R. Civ. P. 60(d)(3). "Relief under Rule 60(d)(3) is available upon a

showing of (1) intentional fraud; (2) by an officer of the court; (3) which is directed at the court

itself; and (4) that 'in fact deceives the court.'" *Riley v. May*, No. 04-1435, 2024 WL 166624, at

*3 (D. Del. Jan. 16, 2024) (quoting *Gillespie v. Janey*, 527 F. App'x 120, 122 (3d Cir. 2013)). A

party seeking relief under Rule 60(d)(3) must establish fraud on the court by clear and convincing

evidence. *See Fake v. Pennsylvania*, 830 F. App'x 712, 713 (3d Cir. 2020) (citing, *inter alia*,

*Booker v. Duggar*, 825 F.2d 281, 283 (11th Cir. 1987)). "Litigants routinely disagree about how

courts should view the evidence," but a "losing party cannot just repackage that disagreement to

claim" fraud on the court under Rule 60(d)(3). *800 Servs., Inc. v. AT&T Corp.*, 822 F. App'x 98,

98 (3d Cir. 2020).

Furthermore, a Rule 60(d) motion "may not be used as a substitute for appeal." *Sharpe*,

2010 WL 2572636, at *2 (citing *Fox v. Brewer*, 620 F.2d 177, 180 (8th Cir. 1980)). And as the

Third Circuit admonished Plaintiff less than two years before the date of this Opinion, the proper

recourse for disagreement with the outcome of a decision that has been affirmed on appeal is "to

petition the Supreme Court for a writ of *certiorari*, not pursue yet another action in the District

Court." *Fink v. Bishop*, No. 21-2651, 2022 WL 4533855, at *2 (3d Cir. Sept. 28, 2022)*.*

      *Res judicata* bars Plaintiff's request in Count I for relief from the decisions of Judges Hillman and McNulty. The Court further finds that Plaintiff fails to plead facts meeting the demanding requirements of Rule 60(d) with respect to the relief sought related to the decision of Judge Kugler in the Bishop II Litigation. And the Court undoubtedly lacks jurisdiction to revisit any decisions of the Third Circuit as requested in Count II. Plaintiff's Rule 60(d) causes of action must therefore be dismissed with prejudice.

      *a.   Relief from Judgments of Judges Hillman and McNulty*

      Count I of the Complaint requests relief from Judge Hillman's decisions in the EdgeLink Litigation, the Flaster Greenberg Litigation, and the Bishop I Litigation, and Judge McNulty's decisions in the Bishop I Litigation because of alleged deprivations of due process and "judicial violations." The doctrine of *res judicata* bars such relief. Plaintiff sought the exact same relief in the Bishop II Litigation. In that case, the District Court found that "Mr. Fink has failed to clear the high bar imposed by Rule 60(d)(1) or (3)." *Fink v. Bishop*, 2021 WL 3616157 at *4. The Third Circuit affirmed, finding "no error in the District Court's denial of Rule 60(d) relief." *Fink v. Bishop*, 2022 WL 4533855 at *2. And the Supreme Court denied *certiorari*. *Fink v. Bishop*, 143 S. Ct. 2460. To the extent the present request at all differs from the request in the Bishop II Litigation, *res judicata* still bars relief because the two requests reflect the same "underlying events." *See Hoffman*, 837 F.3d at 279. These causes of action must therefore be dismissed with prejudice.

      *b.   Relief from Judgement in the Bishop II Litigation*

      Count I of the Complaint further requests relief from the District Court decision in the Bishop II Litigation, also because of alleged due process violations. This request must be dismissed

because Plaintiff fails to allege any facts warranting relief under this Rule.[19]

Plaintiff identifies nothing that would "render it *manifestly unconscionable* . . . to enforce the judgment" as required for relief under Rule 60(d)(1). *Wright v. Poole*, 81 F. Supp. 3d at 294. And he alleges no fraud upon the court that would justify relief under Rule 60(d)(3)*, Riley*, 2024 WL 166624, at *3, let alone "clear and convincing evidence" of the same. *Fake*, 830 F. App'x at 713. Indeed, Plaintiff does not allege any facts that could be liberally construed as asserting either issue with respect to the Bishop II Litigation.

Instead, Plaintiff simply attempts to re-litigate long-decided issues. Plaintiff argues that in deciding the Bishop II Litigation, Judge Kugler relied on a "patched-together" analysis that "contains numerous holes," (ECF No. 1, ¶ 528); failed to accept certain facts as true for purposes of dismissal under Rule 12(b)(6), (ECF No. 1, ¶ 529); and relied on insufficient statutory or case law to justify his decisions. (ECF No. 1, ¶ 467).[20] These allegations amount to the simple contention that Judge Kugler incorrectly decided the Bishop II Litigation. Plaintiff's cause of action thus constitutes an impermissible attempt to use a Rule 60(d) Motion as a "substitute for appeal," *Sharpe*, 2010 WL 2572636, at *2, and repackage dissatisfaction with a decision as a claim of fraud on the court. *See 800 Servs., Inc.*, 822 F. App'x at 98.

---

[19]  This cause of action essentially re-states the request for Rule 60(d) relief that was decided in the Bishop II Litigation. The request thus emerges from the same "underlying events giving rise to the various legal claims" of that case and may be precluded by the doctrine of *res judicata* for that reason. *Hoffman*, 837 F.3d at 279.

[20]  Plaintiff appears to assert that Judge Kugler erred by failing to accept as true the allegation that Judges Hillman and McNulty committed various "judiciary violations." (ECF No. 1, at 533). Such allegations constitute not facts, but legal conclusions, and are not entitled to a presumption of truth upon a Rule 12(b)(6) motion to dismiss. *Iqbal*, 556 U.S. at 678. ("[T]he tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions.").

c.  *Plaintiff's Requests for Relief from Third Circuit Affirmances*

Count II of the Complaint requests relief from the decisions of the Third Circuit in Plaintiff's prior cases. As stated above, this Court has no jurisdiction to review any decisions of the Third Circuit. As Judge McNulty explained in denying a similar cause of action in *Fink v. United States,* the District Court "does not sit in review of the Third Circuit; they sit in review of" the District Court. 2019 WL 2353662, at *4 n.3. Plaintiff thus asserts no cognizable claim and Count II must therefore be dismissed with prejudice.

**D.  Jonathan Bishop's Motion for Rule 11 Sanctions in the Form of Attorney's Fees**

Defendant Jonathan Bishop moves for sanctions against Plaintiff under Federal Rule of Civil Procedure 11, seeking an award of $3,000 in attorney's fees incurred in responding to this matter. Plaintiff argues that Mr. Bishop's motion must be denied because he did not comply with the service requirement of the safe harbor provisions of Rule 11(c)(2). The Court agrees with Plaintiff and thus denies Mr. Bishop's Motion.

Under Rule 11(c)(2), "a party cannot file a motion for sanctions until it first presents the motion to the offending party, and allows 21 days for the other party to withdraw or correct the challenged issue." *Francis v. TD Bank, N.A.*, No. 12–7753, 2014 WL 1628134, at *5 (D.N.J. April 24, 2014) (citing *In re Schaefer Salt Recovery, Inc.*, 542 F.3d 90, 99 (3d Cir. 2008)). "If the twenty-one-day period is not provided, the [Rule 11] motion must be denied." *Metro. Life Ins. Co. v. Kalenevitch*, 502 F. App'x 123, 125 (3d Cir. 2012) (quoting *In re Schaefer*, 542 F.3d at 99). Here, Mr. Bishop failed to serve the Motion for Sanctions upon Plaintiff and allow the requisite twenty-one days before filing the Motion. While Plaintiff's conduct has no doubt been egregious—as discussed herein in Section IV(E), *infra*—the Court may not disregard the plain language of the safe harbor provision of Rule 11(c)(2), and Mr. Bishop's Motion for Sanctions must be denied.

**E.  Flaster Greenberg Defendants' and Veolia Defendants' Motions for Sanctions in the Form of a Pre-Filing Injunction**

The Veolia Defendants and the Flaster Greenberg Defendants separately move for sanctions seeking an injunction to prevent Plaintiff from making further filings related to this matter without the Court's express permission. Plaintiff argues his repeated lawsuits are not frivolous, do not establish a pattern of abuse, and do not justify such an extreme sanction. The Court finds this is the precise case in which a pre-filing injunction is warranted.

To issue a pre-filing injunction under the All Writs Act, the court must ensure the following conditions are met: "(1) the order should be entered only in exigent circumstances, such as when a litigant continuously abuses the judicial process by filing meritless and repetitive actions; (2) the district court must give notice to the litigant to show cause why the proposed injunction should not issue; and (3) the scope of the injunctive order must be narrowly tailored to fit the particular circumstances of the case." [21] *Hill v. Lycoming Cnty. Gov't*, No. 21-2214, 2022 WL 767036, at *1 (3d Cir. Mar. 14, 2022) (citing *Brow v. Farrelly*, 994 F.2d 1027, 1038 (3d Cir. 1993)).

Repeated filings of identical claims despite prior judgment on the merits constitute exigent circumstances under the first prong of this test. *See Wright v. JPMorgan Chase Bank, N.A.*, No. 18-8311, 2019 WL 5587262, at *8 (D.N.J. Oct. 30, 2019) (imposing a pre-filing injunction where "plaintiff repeatedly file[d] new complaints related to the same transactions, despite a dismissal with prejudice"). A party's motion for sanctions constitutes sufficient notice to satisfy the test's second prong. *C.f. Haviland v. Specter*, 561 F. App'x 146, 149 (3d Cir. 2014) (finding that a party "was amply notified of the possibility of being sanctioned under the Court's inherent authority" by two motions for sanctions against him). And injunctions are narrowly tailored for purposes of

---

[21] The All Writs Act provides a basis for sanctions—including pre-filing injunctions—separate from Rule 11. *See Gagliardi*, 834 F.2d at 83.

the third prong where they are limited to the subject of Plaintiff's abusive filings. *See Hill*, 2022 WL 767036, at *1 (finding an injunction to be "properly narrow in scope" where it applied "only to complaints with claims pertaining to the same subject matter" at issue in repetitive filings); *see also Grossberger*, 535 F. App'x at 86 (upholding an injunction "limited to non-prescreened motions or other litigation documents submitted by or on behalf of [the plaintiffs] against the Defendants named in [the] action"). The present circumstances easily satisfy all three factors.

This matter presents exigent circumstances. As described herein, Plaintiff has filed some eight separate lawsuits—the present matter included—traceable to the same dispute over his 2001 credit agreement with ALSI. Time after time, by judge after judge, in New Jersey state courts, federal district courts, and the Third Circuit, these claims have been considered on their merits and found to lack merit. Plaintiff's attempt to seek relief from the United States Supreme Court has been denied. Nevertheless, Plaintiff returns time and again to the courts with nearly identical claims against identical parties at their core expressing nothing more than disagreement and displeasure with the Court's prior decisions. Based upon this record, this Court has no difficulty concluding that Plaintiff routinely "abuses the judicial process by filing meritless and repetitive actions," and such exigent circumstances warrant a pre-filing injunction at this point in time. *Hill*, 2022 WL 767036, at *1; s*ee also Wright v. J.P Morgan*, 2019 WL 5587262, at *8.

Plaintiff has also received sufficient notice that such an injunction may issue. Two separate parties have moved for sanctions of this kind. (Veolia Defs.' Mot. for Sanctions, ECF No. 58; Flaster Greenberg Defs.' Mot. to Dismiss and for Sanctions, ECF No. 62). And Plaintiff has responded to both. (Pl.'s Opp. to Veolia Defs.' Mot. for Sanctions, ECF No. 71; Pl.'s Opp. To Flaster Greenberg Defs.' Mot. to Dismiss and for Sanctions, ECF No. 77). Plaintiff has thus been afforded adequate notice of the prospect of a pre-filing injunction and an opportunity to respond.

*See, c.f.*, *Haviland*, 561 F. App'x at 149.

Moreover, long before the filing of this case, and over the past four years, Plaintiff has been repeatedly warned as to the potential of the imposition of a pre-filing injunction. For example, Judge McNulty cautioned, "Mr. Fink's contentions are frivolous in the extreme, and any further attempt to assert them may expose him to more drastic consequences than mere dismissal." *Fink v. Kirchner*, No. 19-9374, 2020 WL 91263, at *8 (D.N.J. Jan. 8, 2020). During the Bishop II Litigation, Judge Kugler warned that if he should "file another action premised on the same alleged misconduct, the Court will consider enjoining him from filing similar lawsuits." *Fink v. Bishop*, No. 21-00063, 2021 WL 3616157, at *6 (D.N.J. Aug. 16, 2021). And in the Transfer Order, the Honorable Ronnie Abrams, U.S.D.J., of the Southern District of New York, explained that "further duplicative litigation in this court will result in an order barring Plaintiff from filing any new actions in this court without first seeking permission of the court." (ECF No. 23, at 4). Plaintiff has failed to heed these repeated warnings.

In *Grossberger v. Ruane*, the Third Circuit upheld a pre-filing injunction under similar circumstances. 535 F. App'x 84 (3d Cir. 2013). In that case, a *pro se* Plaintiff "filed a dozen or so motions, separate briefs, letters, and appeals repeatedly arguing the same issues" after an adverse judgment on a civil rights action and "sought to disqualify the District Judge several times." *Id*. at 86. This pattern of "groundless and vexatious litigation" warranted a pre-filing injunction of further litigation documents against the same defendants regarding the same matters as those previously decided. *Id*. at 87. Like the plaintiff in *Grossberger*, Plaintiff has filed meritless "briefs, letters, and appeals repeatedly arguing the same issues" after a series of adverse rulings including seeking recusal. *Id*. at 86. Indeed, his conduct has been *more* egregious than the conduct sanctioned in *Grossberger* because he has repeated this pattern of groundless litigation across multiple

lawsuits in multiple fora. Plaintiff's conduct thus justifies a pre-filing injunction that limits his ability to file new complaints or motions against the same defendants concerning the same issues without the express permission of the undersigned.

The Court therefore grants the Defendants' Motion for Sanctions and will impose a narrowly tailored pre-filing injunction. From the date of the Order accompanying this Opinion, Plaintiff must obtain the express written permission of the undersigned to file any further complaints, motions, or other litigation documents asserting or arguing claims in any way related to the 2001 credit agreement with ALSI or any of the numerous lawsuits arising therefrom or against any of the named parties involved therein. This injunction is limited "to the preclusion of future lawsuits arising out of the same matters" given Plaintiff's repetitive filings in this Court. *Gagliardi*, 834 F.2d at 83.

## V.    CONCLUSION

For the foregoing reasons, Motions to Dismiss filed by the Veolia Defendants, (ECF No. 57), JCSS, (ECF No. 68), Johnathan L. Bishop, (ECF No. 98), and the Praxis Defendants, (ECF No. 110); the Motion to Dismiss and for Sanctions filed by the Flaster Greenberg Defendants, (ECF No. 62); and the Motion for Sanctions filed by the Veolia Defendants, (ECF No. 58), are hereby **GRANTED**. Jonathan Bishop's Motion for Sanctions, (ECF No. 108), is **DENIED**. Plaintiff's Motion for Reconsideration, (ECF No. 60), and Motion for Recusal and Transfer, (ECF No. 87), are **DENIED**. An appropriate Order accompanies this Opinion.

_____
**CHRISTINE P. O'HEARN**
**United States District Judge**