ECF Nos. 122, 123

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

| | |
|---|---|
| **JOHN W. FINK,** | |
| **Plaintiff,** | |
| v. | **Civil No. 23-566 (CPO/MJS)** |
| **JONATHAN L. BISHOP, et al.,** | |
| **Defendants.** | |

# O P I N I O N  &  O R D E R

This matter comes before the Court on the motions filed by pro se plaintiff John W. Fink ("Plaintiff") to recover the costs and fees he incurred from the formal service of summonses on defendants Kaydon Stanzione, Praxis Technologies, Inc., and Praxis Technologies Corporation (the "Praxis Defendants") [ECF No. 122], and defendant Edgelink, Inc. ("Edgelink") [ECF No. 123]. The Court has received and reviewed the responses filed in opposition to the motions [ECF Nos. 127, 128], as well as Plaintiff's combined letter reply [ECF No. 132]. Pursuant to Federal Rule of Civil Procedure 78(b), the Court decides this motion without oral argument. For the reasons that follow, Plaintiff's motions are **GRANTED IN PART AND DENIED IN PART.**

I.   Background

The long history of this litigation and its related matters are set forth in great detail in the Court's February 29, 2024 opinion [ECF No. 124]. The Court therefore presumes the parties' familiarity with the background of this case and recounts only the facts relevant to the instant dispute.

Plaintiff filed the complaint in this matter on December 29, 2022, in the Southern District of New York, against defendants Jonathan L. Bishop, Kaydon A. Stanzione, Joseph M. Troupe, Suez WTS USA, Inc., Steven W. Davis, Johnson Controls Security Solutions LLC, EdgeLink, Inc., Praxis Technologies Corporation, Praxis Technologies, Inc., J. Philip Kirchner, and Flaster/Greenberg P.C. [ECF No. 1]. On January 3, 2023, Plaintiff filed requests for summonses to issue for each defendant [ECF Nos. 7 to 17]. No action followed from the Southern District of New York, leading Plaintiff to file a letter on January 23, 2023, requesting that the Court direct the clerk of court to issue summonses [ECF No. 18]. On January 25, 2023, the Southern District of New York issued an order declining to issue summonses, transferring the case to this District, and closing the case in that district [ECF No. 23]. On February 8, 2023, notwithstanding the absence of court-issued summonses, Plaintiff sent all defendants a notice of lawsuit and request to waive service of summons by U.S.P.S. Priority Mail [ECF No. 38].

Plaintiff filed a notice of appeal of the transfer order on February 24, 2023 [ECF Nos. 29, 33], thereby divesting the Court of jurisdiction pending disposition of the appeal.[1] The Third Circuit terminated Plaintiff's appeal on July 17, 2023 [ECF No. 55]. At that point, although several defendants had executed waivers of service per Federal Rule of Civil Procedure 4(d), the Praxis Defendants and EdgeLink had not. The Court issued summonses as to all defendants on November

---

[1] See Richardson v. Superintendent Coal Twp. SCI, 905 F.3d 750, 761 (3d Cir. 2018) ("[T]he filing of a notice of appeal is an event of jurisdictional significance—it confers jurisdiction on the court of appeals and divests the district court of its control over those aspects of the case involved in the appeal." (quoting Griggs v. Provident Consumer Disc. Co., 459 U.S. 56, 58 (1982))). The Court notes, however, that it retains jurisdiction to decide these motions for costs notwithstanding Plaintiff's current pending appeal [ECF No. 147]. Kraft v. Phelan Hallinan Diamond & Jones, PC, Civ. No. 17-13765, 2020 WL 13835887, at *2 (D.N.J. Jan. 6, 2020) ("[A] trial court retains jurisdiction over collateral issues, such as motions for fees or costs, even after an appeal is taken from a final judgment or order.").

29, 2023 [ECF No. 93],[2] and formal service was deemed timely completed as of January 9, 2024 [ECF No. 109].

Plaintiff now seeks to recover the costs he incurred in serving the Praxis Defendants and EdgeLink (collectively, "Defendants")[3] as a result of their failure to waive service under Federal Rule of Civil Procedure 4(d), which he claims amounts to $247.08 for the Praxis Defendants [ECF No. 122-1 at 11], and $314.81 for EdgeLink [ECF No. 123-1 at 11]. Plaintiff, who has at all times represented himself pro se in this matter, also asserts he is entitled to reimbursement for the time he personally spent arranging service and preparing these motions [ECF Nos. 122-1 at 9, 123-1 at 9]. Using a rate of $125.00 per hour, which he claims represents "the daily rate [he charged] . . . in 2001-2002 when [he] performed professional services" for a company owned by defendant Stanzione [ECF Nos. 122-1 at 6-7, 123-1 at 6-7], Plaintiff claims he is due "legal fees" in the amount of $1,489.58 from the Praxis Defendants and $781.25 from EdgeLink [ECF Nos. 122-1 at 11, 123-1 at 11].

Defendants assert that they had good cause to disregard Plaintiff's February 8, 2023 notice of suit and request for waiver for two reasons: first, at the time the requests were sent, the Court had yet to issue summonses in this matter, rendering the requests "a legal nullity"; and second, the complaint at issue was subject to parallel litigation in multiple Circuits [ECF Nos. 127, 128]. Separately, Defendants argue that they are not liable for Plaintiff's "legal fees" because, as a pro se litigant, Plaintiff is ineligible for such an award [ECF Nos. 127-1 at 2, 128-1 at 2].

---

[2] Summons was issued as to Praxis Technologies, Inc., which had previously been omitted as a party due to a docketing error, on January 2, 2024 [ECF Nos. 101, 109].

[3] Defendants raise identical arguments in opposition to their respective motions, and therefore, the Court will discuss their arguments collectively for ease of reference.

**II.     Discussion**

Generally speaking, effectuating service upon a defendant in federal litigation requires the delivery of a summons and a copy of the complaint in the manner described by the Federal Rules. Fed. R. Civ. P. 4(c). However, Federal Rule of Civil Procedure 4(d) provides that under certain circumstances, a plaintiff may instead provide the defendant with notice of the litigation and request that the defendant waive service of process. The filing of a completed waiver acts as proof of service, and, once filed, the litigation will proceed as if the defendant had been served with a summons and complaint. Fed. R. Civ. P. 4(d)(4).

Under the rule, the plaintiff's notice and request for waiver must:

(A) be in writing and addressed to the defendant or, if the defendant is a corporation, to an agent authorized to receive service;

(B) name the court where the complaint was filed;

(C) be accompanied by a copy of the complaint, two copies of the waiver form appended to Rule 4, and a prepaid means of returning the form;

(D) inform the defendant of the consequences of waiving or not waiving service, using the form appended to Rule 4;

(E) state the date that the request was sent;

(F) give the defendant a reasonable time of at least thirty days after the request was sent to return the waiver; and

(G) be sent by first-class mail or other reliable means.

Fed. R. Civ. P. 4(d)(1); Mercedes-Benz Fin. Servs. USA LLC v. Chandler, Civ. No. 19-15716, 2020 WL 3892360, at *3 (D.N.J. July 2, 2020).

A defendant who is properly in receipt of a notice and request for waiver has an affirmative duty to "avoid unnecessary expenses of serving the summons." Fed. R. Civ. P. 4(d)(1); Kraft v. Phelan Hallinan Diamond & Jones, PC, Civ. No. 17-13765, 2020 WL 3496919, at *3 (D.N.J. June 29, 2020) (quoting Fed. R. Civ. P. 4(d)(1)). If, absent good cause, a defendant fails to execute and

return a requested waiver, "the court must impose on the defendant . . . the expenses later incurred in making service," including the costs associated with unsuccessful attempts. Fed. R. Civ. P. 4(d)(2) (emphasis added); Gonzalez-Marcano v. U.S. Airways Grp., Civ. No. 13-3714, 2014 WL 413932, at *7 (E.D. Pa. Jan. 31, 2014); United States v. Nuttall, 713 F. Supp. 132, 138 (D. Del. 1989). While there is no exact definition of what constitutes "good cause," the mere belief that a claim may be unjust or that the court lacks jurisdiction is not sufficient. See Fed. R. Civ. P. 4(d) advisory committee's notes to 1993 amendment; Elchik v. Akustica, Inc., Civ. No. 12-578, 2013 WL 12137720, at *2 (W.D. Pa. Feb. 1, 2013).

The Court will grant Plaintiff's requests for reimbursement of the costs he incurred in effectuating service, as the Court finds that Defendants have failed to establish good cause for their failure to waive service. First, Defendants' belief that the litigation was meritless or that the court lacked jurisdiction, even if supported by facts in the record, is not itself sufficient to excuse their obligation to waive service of process. See Elchik, 2013 WL 12137720, at *2; Est. of Darulis v. Garate, 401 F.3d 1060, 1064 (9th Cir. 2005) (finding that the Advisory Committee notes to the 1993 amendment strongly suggest the Committee did not intend to curtail application of Rule 4(d)(2) where a defendant was subject to an ultimately unsuccessful claim). Second, to the extent that Defendants believed the absence of a summons excused their duty to waive service of process, that belief is inconsistent with the rules concerning service. While the issuance of a valid summons is necessary for personal service, Fed. R. Civ. P. 4(c), nothing in the rules suggests that a plaintiff must obtain a valid summons prior to requesting a waiver pursuant to Rule 4(d).[4] See

---

[4] Defendants rely upon Ayres v. Jacobs & Crumplar, P.A., 99 F.3d 565, 569 (3d Cir. 1996), to support their assertion that the February 8 waiver request was a legal nullity. However, the issues in that case were whether or not personal service using summonses that were neither issued, signed, nor sealed by the court was defective, and, if so, whether the defendants had waived their objections to the defective process by participating in discovery. The Third Circuit held that the

5

Fed. R. Civ. P. 4(d)(1). A lawsuit is commenced upon the filing of a complaint, irrespective of whether a summons has been issued. Fed. R. Civ. P. 3; see Fed. R. Civ. P. 4(b) ("On or after filing the complaint, the plaintiff may present a summons to the clerk for signature and seal." (emphasis added)); 4A Wright & Miller, Federal Practice & Procedure § 1086 (4th ed. 2024) (noting that there is no formal time limit to obtain summons). The purpose of Rule 4(d) is to avoid expenses and formalities associated with personal service, part of which includes completing and presenting a summons to the clerk. See Fed. R. Civ. P. 4 advisory committee's note to 1993 amendment. Indeed, a properly executed and filed waiver is the procedural equivalent of serving a summons and complaint. Fed. R. Civ. P. 4(d)(4). Therefore, the Court cannot agree with Defendants that the absence of court-issued summonses rendered Plaintiff's waiver requests null. Because Defendants have presented no other basis for their failure to return the forms—despite having a full opportunity to respond to Plaintiff's motions—Plaintiff is entitled to the costs he incurred in effectuating service upon each defendant. Fed. R. Civ. P. 4(d)(2)(A).

Plaintiff also seeks reimbursement for his time spent arranging for service and preparing these motions, which amount to $1,489.58 from the Praxis Defendants and $781.25 from EdgeLink. These requests will be denied. It is well-settled that pro se litigants generally are not entitled to recover attorneys' fees. See Kay v. Ehrler, 499 U.S. 432, 435 (1991); Zucker v. Westinghouse Elec., 374 F.3d 221, 228 (3d Cir. 2004). Consistent with this principle, courts have concluded that pro se litigants may not collect fees under Rule 4(d)(2). Prousalis v. Jamgochian, 38 F. App'x 903, 905 (4th Cir. 2002); Marcello v. Maine, 238 F.R.D. 113, 117 (D. Me. 2006);

---

summonses used were void, and, absent an effective waiver, the defendants had not waived the objection because "[t]he parties cannot waive a void summons." Ayres, 99 F.3d at 569. Unlike the Ayres plaintiff, Plaintiff sought a waiver, and the issue before the Court is whether Plaintiff's request was rendered invalid because summonses had yet to be issued. Thus, Ayres is inapposite.

Lozano v. Peace, No. CV 05-0174, 2005 WL 1629644, at *3 (E.D.N.Y. July 11, 2005). In any event, leaving aside Plaintiff's pro se status, the attorney fees incurred in effectuating service, such as the time billed for an attorney to arrange service, are not compensable under Rule 4(d). Mercedes-Benz Fin. Servs. USA, 2020 WL 3892360, at *6; Graves v. Church of the Lord Jesus Christ of the Apostalic Faith, Inc., Civ. No. 02-CV-4056, 2003 WL 21659168, at *1 (E.D. Pa. June 20, 2003) ("Plaintiff is not entitled to be reimbursed for attorney's fees incurred as a result of time spent by Plaintiff's attorney in arranging for formal service upon Defendant . . . after he refused a waiver.").

In sum, it appears that the waiver requests Plaintiff sent to each of the Defendants substantially met the requirements of Rule 4(d), a conclusion Defendants do not dispute beyond the arguments raised in their opposition. Based on the documents submitted, Plaintiff incurred costs in the amount of $247.08 to serve the Praxis Defendants [ECF No. 122-9], and costs in the amount of $314.81 to serve EdgeLink [ECF No. 123-8, 123-9]. Because Defendants have not established good cause for their failure to waive service, Defendants are required to bear those costs accordingly. However, Plaintiff is not entitled to recover fees for his time spent arranging service or preparing these motions. Therefore,

**IT IS** on this **21st** day of **June 2024,**

**ORDERED** that Plaintiff's motions for reimbursement for costs are **GRANTED IN PART AND DENIED IN PART**, as follows:

Defendants Stanzione, Praxis Technologies Corporation, and Praxis Technologies, Inc., shall, within 45 days from the date of this Order, pay Plaintiff a sum of $247.08;

Defendant EdgeLink, Inc., shall, within 45 days from the date of this Order, pay Plaintiff a sum of $314.81;

Plaintiff's requests for legal fees are **DENIED**, and it is further

**ORDERED** that this ruling, which addresses a matter of procedure, does not in any way impact the Court's February 29, 2024 [ECF No. 125] and May 28, 2024 [ECF No. 146] Orders enjoining the Plaintiff from filing further filings in this case without the express written permission of the District Judge, and should not be construed in any way as a reflection on the merits of the lawsuit.

s/ Matthew J. Skahill  
MATTHEW J. SKAHILL  
United States Magistrate Judge

cc:    Hon. Christine P. O'Hearn  
       United States District Judge